UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KING PUBLIC ADJUSTERS GROUP, INC., on behalf of AJAZ ALI KHAN, | |
| Plaintiff, | No. 25 CV 5803 |
| v. | Judge Thomas M. Durkin |
| TRAVELERS INSURANCE CO., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

King Public Adjusters Group, Inc. ("King") brings this action against Travelers Insurance Co. ("Travelers")[1] for breach of contract and violation of Section 155 of the Illinois Insurance Code, 215 ILCS 5/155. Travelers moves under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to King's Section 155 claim. R. 13. For the following reasons, that motion is granted.

**Legal Standard**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). In deciding a Rule 12(c) motion, the Court may consider only the pleadings, which include "the complaint, the answer, and any written instruments attached as exhibits." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312–13

---

[1] There appears to be confusion on whether Travelers or Fidelity and Guaranty Insurance Company ("Fidelity") is the proper defendant. Given that King named Travelers and has not amended its complaint to name Fidelity, Travelers is the defendant for the purposes of this opinion.

1

.

(7th Cir. 2020) (citations omitted). A Rule 12(c) motion "performs the same function as a Rule 12(b)(6) motion to dismiss—and the complaint must meet the Rule 12(b)(6) standard for the suit to survive." *Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 518 (7th Cir. 2025) (citations omitted). Therefore, a complaint must provide "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Background

Ajaz Ali Khan ("Khan") owns a property located at 2433 West Devon Avenue in Chicago, Illinois (the "Property"). R. 11 ¶¶ 2, 4. On April 4, 2023, hail and wind allegedly damaged the Property. *Id.* ¶ 8. On that date, Khan held an insurance policy issued by Travelers which insured the Property against risk of physical loss, including hail and wind damage. *Id.* ¶¶ 6–7. Khan then entered into a contract with King to represent and assist Khan in the claim adjustment process. *Id.* ¶¶ 11, 13. On

2

May 31, 2023, King submitted a claim for loss and damages it contends were sustained on April 4, 2023 (the "Claim"). R. 17 ¶ 23.

On June 13, 2023, Travelers inspected the Property and estimated the damage to be $705.50. R. 11 ¶ 14. Travelers reinspected the Property on August 31, 2023 and increased its assessment to $11,352.31. *Id.* ¶ 15. These estimates are less than the policy deductible of $11,675.90. R. 17 ¶¶ 2, 4; R. 22-3 at 1. In response, King submitted its own estimate in the amount of $414,676.76 for a full roof replacement, painting of walls, and other repairs to the interior due to water damage. R. 17 ¶ 3.

Thereafter, Travelers learned that King made prior claims on an insurance policy issued by Erie Insurance Exchange ("Erie") for hail and wind damage to the Property that occurred on August 10, 2020. *Id.* ¶ 5. Erie issued a claim payment, and Travelers contends that its investigation shows that no repairs were made. *Id.* ¶¶ 6, 7.

Subsequently, on February 4, 2025, Travelers wrote a letter to King detailing why it did not make a claim payment. R. 25-1.[2] Therein, and in its affirmative defenses, Travelers cites the policy provisions it contends exclude the losses claimed by King. On April 1, 2025, King filed a breach-of-contract suit against Travelers in

---

[2] Although this letter is not attached to the complaint or answers, the Court incorporates it by reference because the materials attached to the complaint mention a forthcoming letter and the substance of the letter is central to the parties' pleadings. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *Milner v. Dart*, No. 1:20-CV-03505, 2024 WL 4333244, at *2 n.5 (N.D. Ill. Sept. 27, 2024) (applying incorporation by reference when settlement agreement was referenced by and central to defendants' affirmative defenses).

3

the Circuit Court of Cook County. R. 1-1. Travelers removed the case to this Court on May 23, 2025. R. 1. King amended its complaint to add the Section 155 count. R. 11.

## Discussion

Section 155 of the Illinois Insurance Code states:

(1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

>（a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

> (b) $60,000;

> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155.

Section 155 provides "an extracontractual remedy to policy-holders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1023 (7th Cir. 2013) (quoting *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 900 (Ill. 1996)). Sanctions under Section 155 require "that the insurer's behavior was willful and without reasonable cause." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000). Courts consider the totality of the circumstances to determine whether an insurer's conduct violates Section 155. *See Golden Rule Ins.*

4

*Co. v. Schwartz,* 786 N.E.2d 1010, 1018 (Ill. 2003). An insurer who "misrepresents facts, denies coverage after refusing to conduct an adequate investigation, and bases its decision upon speculation or incomplete information could be considered to have acted without reasonable cause." *Markel Am. Ins. Co. v. Dolan,* 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011).

Further, "an insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Citizens First,* 200 F.3d at 1110 (citations omitted). If the pleadings demonstrate a bona fide dispute regarding coverage—meaning a dispute that is "real, actual, genuine, and not feigned"—then sanctions under Section 155 are inappropriate. *Am. States Ins. Co. v. CFM Const. Co.,* 923 N.E.2d 299, 308 (Ill. App. Ct. 2010); *see also Med. Protective Co. v. Kim,* 507 F.3d 1076, 1087 (7th Cir. 2007) ("[A] bona fide dispute regarding coverage . . . is all Illinois law requires to avoid the imposition of [Section 155] penalties.").

Here, King alleges that Travelers engaged in vexatious and unreasonable conduct by:

> [f]ailing to pay [Kang] all amounts due under the insurance policy within 40 days of the loss, which constitutes an unreasonable delay in paying the Claim as a matter of law, in violation of the regulations

5

promulgated by the Illinois Department of Insurance within Section 919.80(d)(7)(A) of the Illinois Administrative Code.

R. 11 ¶ 23.

As an initial matter, King cannot premise its Section 155 claim on a pure violation of the Illinois Administrative Code. *See Bao v. MemberSelect Ins. Co.*, No. 21 C 04119, 2022 WL 1211509, at *4 (N.D. Ill. Apr. 25, 2022) ("Mere conclusory allegations of code violations will not do."); *Weis v. State Farm Mut. Auto. Ins. Co.*, 776 N.E.2d 309, 311–12 (Ill. App. Ct. 2002) (a plaintiff cannot plead or pursue relief due to an insurer's violation of the Illinois Department of Insurance's regulations); *Whaley v. Kingsway Am.*, 2018 IL App (1st) 172406-U, ¶ 21 (plaintiff's reliance on alleged violations of the Illinois Administrative Code alone is insufficient to find liability under Section 155). Stripped of this legal and conclusory allegation, the complaint is bereft of any "modicum of factual support" that supports the conclusion that Travelers acted vexatiously and unreasonably. *See 9557, LLC v. Travelers Indem. Co. of Conn.*, No. 15-cv-10882, 2016 WL 464276, at *3 (N.D. Ill. Feb. 8, 2016) (alleging violations of the Illinois Administrative Code, including a failure to pay the insured within forty days, without more, did not plausibly state a claim for Section 155 relief).

Instead, the pleadings, taken as true and drawing all reasonable inferences in King's favor, show Travelers acted neither vexatiously nor unreasonably. King admits that Travelers twice inspected the Property within four months of the alleged damage, confirmed hail damage, and provided two replacement cost value estimates, with which King disagreed and submitted its own estimate. R. 11 ¶¶ 14–15; R. 17 ¶¶

6

2–4. These uncontested facts do not plausibly suggest that Travelers acted vexatiously or unreasonably. In addition, Travelers wrote a letter explaining its reasons for denying payment. Consequently, the Court cannot reasonably infer sanctionable conduct by Travelers. *Cf. Dolan*, 787 F. Supp. 2d at 779 (denying dismissal of Section 155 claim where the insured alleged that the insurer failed to act in good faith to settle the claim, denied the claim without a reasonable explanation, misrepresented facts, and failed to conduct a prompt investigation).

Travelers presents an additional reason to dismiss the Section 155 count: at most, the pleadings demonstrate a bona fide dispute about insurance coverage which precludes a finding of Section 155 liability. During its investigation, Travelers learned that Erie issued a claim payment for purported hail and wind damage that occurred in August 2020, a fact King does not dispute. Travelers contends that no repairs were made to the damage claimed under the Erie policy, raising questions about the extent of the damage and whether the damages occurred during the policy period. Further, Travelers believes that King's estimate includes damages or losses that Travelers claims are not covered by the terms of the policy. Thus, Travelers's refusal to pay the Claim is based on the text of the policy and relevant facts and is not mere pretext. Together, the face of the pleadings indicate that there is a bona fide dispute regarding the cause of the damage and value of the claimed loss.

King contends that Travelers's motion is premature. It argues that determining whether Travelers's conduct is vexatious or unreasonable presents factual questions that cannot be decided on the pleadings alone. Yet King itself

7

admits certain facts that show Travelers did not act vexatiously or unreasonably. And a fact-intensive claim does not relieve King of its responsibility to plead facts to plausibly state a claim for relief. It is also not uncommon to grant dismissal of a Section 155 claim on the pleadings. *See, e.g.*, *Hanover Ins. Co. v. R.W. Dunteman Co.*, No. 19-cv-1979, 2020 WL 1042053, at *4 (N.D. Ill. Mar. 4, 2020). For these reasons, King's citation to *Wheeler v. Assurant Specialty Property* is inapposite. 125 F. Supp. 3d 834, 840–41 (N.D. Ill. 2015) (insured alleged that the insurer acted in bad faith and provided detailed allegations that plausibly amounted to vexatious and unreasonable conduct).

King also argues that its allegation that Travelers has refused to pay the full amount claimed since April 4, 2023 is sufficient to state a claim. But "[t]he mere fact that there were delays in the process does not automatically trigger [S]ection 155." *Bao*, 2022 WL 1211509, at *4. And there are no allegations that Travelers unreasonably delayed its investigation, ignored King, or failed to provide updates on the Claim's status.

## Conclusion

For the foregoing reasons, Travelers's motion for judgment on the pleadings is granted. Accordingly, Count II is dismissed without prejudice. If after discovery King believes it has a good faith basis to state a Section 155 claim, if may file a motion for leave to amend the complaint, or seek such sanctions at a later time.

8

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 15, 2025